**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| SANTOS ISAIAS LOPEZ BARTOLON,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. 26-CV-4058-CJW-MAR<br><br><br>**ORDER** |

---

Petitioner Santos Isaias Lopez Bartolon's petition for writ of habeas corpus is before the Court. (Doc. 1). Respondents filed a response. (Doc. 8). Petitioner filed a reply. (Doc. 12). For the following reasons, the Court **denies** the petition.

## *I. BACKGROUND*

Petitioner is a citizen of Guatemala. (Doc. 11-2, at 1). Petitioner states that he "entered the United States in 2019, at age seventeen." (Doc. 1, at 7). Respondents state that on or about March 12, 2020, petitioner arrived in the United States around Sasabe, Arizona. (Doc. 11-2, at 1). According to respondents, petitioner was not admitted or paroled. (*Id.*). On March 13, 2020, the Department of Homeland Security ("DHS") issued him a Notice to Appear ("NTA"), charging him with being inadmissible for being present in the United States without being admitted or paroled. (Doc. 11-2, at 1); *see* 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien[1] present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as

[1] The United States Code and the accompanying federal regulations use the term "alien." To maintain consistency with the statutory and regulatory text, the Court will use the same term in this Order.

designated by the Attorney General, is inadmissible[.]"). According to petitioner, after eleven days in an Office of Refugee Resettlement facility in 2019, DHS released him from custody "with no additional requirements for his release, such as [Immigration and Customs Enforcement ("ICE")] check ins or supervision." (Doc. 1, at 7).

Since arriving in the United States, petitioner has been convicted of several driving offenses. On November 2, 2020, he was convicted of a registration violation and no valid driver's license. *State v. Lopez Bartolon*, STA0069327, STA0069331 (Dist. Ct. Sioux Cnty. 2020). On February 16, 2021, he was convicted of operating without a registration card or plate, dark window or windshield, and no valid driver's license. *State v. Lopez Bartolon*, STA0070432, STA0070434, STA0070437 (Dist. Ct. Sioux Cnty. 2021). On March 29, 2021, he was convicted of no valid driver's license. *State v. Lopez Bartolon*, STA0018340 (Dist. Ct. Osceola Cnty. 2021). On November 16, 2021, he was convicted of two counts of driving while license under suspension. *State v. Lopez Bartolon*, NTA0074236, NTA0074237 (Dist. Ct. Sioux Cnty. 2021).

On January 16, 2022, he was convicted of driving while license under suspension. *State v. Lopez Bartolon*, NTA0075610 (Dist. Ct. Sioux Cnty. 2022). On April 3, 2022, he was convicted of two counts of driving while license under suspension as well as providing false identification information. *State v. Lopez Bartolon*, NTA0076601, NTA0076602, SMSM027477 (Dist. Ct. Sioux Cnty. 2022). On April 25, 2022, he was convicted of failure to maintain control and failure to provide proof of financial liability. *State v. Lopez Bartolon*, STA0076500, STA0076503 (Dist. Ct. Sioux Cnty. 2022). On June 14 and 15, 2022, he was again convicted of two counts of driving while license under suspension. *State v. Lopez Bartolon*, NTA0076502, NTA0076508 (Dist. Ct. Sioux Cnty. 2022). On March 28, 2023, he was convicted of driving while barred. *State v. Lopez Bartolon*, AGCR018392 (Dist. Ct. Sioux Cnty. 2023). On September 4, 2023, he

was convicted of failure to provide proof of financial liability. *State v. Lopez Bartolon*, STA0081696 (Dist. Ct. Sioux Cnty. 2023).

On August 23, 2025, petitioner was arrested and charged with two counts of driving while license under suspension, speeding, failure to use child restraint device, and driving while barred in Lyon County, Iowa. (Doc. 11-4, at 1–3); *see* Iowa Code §§ 321.218(1), 321.285, 321.446, 321.561. The complaint for the driving while barred charge described the underlying facts as petitioner being "barred for habitual offender" as well as "suspended for no SR-22 [insurance] on file" and "suspended for several non-payments of Iowa fines." (Doc. 11-4, at 2). The speeding ticket was written for going seventy-four miles per hour in a fifty-five mile per hour zone, or nineteen miles over the speed limit. (*Id.*, at 3). When petitioner twice did not appear for his pretrial conference, the court issued a warrant for his arrest. (*Id.*, at 4–7 (stating "Defendant failed to appear" and "The Defendant does not appear")). On May 18, 2026, petitioner pled guilty to driving while barred and the Court sentenced him to four days in jail with credit for time served and the mandatory minimum $855 fine. (*Id.*, at 11–12). On June 16, 2026, after petitioner failed to appear to serve his sentence, he was arrested on a warrant. (Doc. 11-1, at 5). On June 17, 2026, DHS issued a warrant for petitioner's arrest and he was transferred to ICE custody. (Doc. 11-3).

Petitioner describes these events differently, and instead claims that he was stopped "following a minor traffic infraction" which he characterizes as "driving just above the speed limit." (Doc. 1, at 8). He did not admit that his licensed was barred, but instead claimed that his "license was expired." (*Id.*). He also states that he "showed up to scheduled court hearings and complied with the punishment imposed." (*Id.*). He makes no mention of the charges of driving while license suspended or failure to use child restraint device from the same incident. He makes no mention of his other driving convictions. He also claims that he was not "given an opportunity to request review of

the decision or why his liberty should be respected." (*Id.*). He did not request a bond hearing before an immigration judge.

On June 29, 2026, petitioner filed the instant petition for habeas corpus. (Doc. 1). Petitioner did not file any exhibits. On July 22, 2026, respondents filed a response along with a declaration from Dan Newby and Exhibits A, B, and C. (Docs. 8, 11-1 through 11-4). On July 27, 2026, petitioner filed a reply. (Doc. 12). Petitioner remains detained at the Woodbury County Jail. (Doc. 1, at 4).

## *II. LEGAL STANDARD*

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The right to challenge the legality of a person's confinement "through a petition for a writ of habeas corpus . . . extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2022) (citing *Presider v. Rodriguez*, 411 U.S. 475, 485 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); and *Demore v. Kim*, 538 U.S. 510, 517 (2003)).

The petitioner bears the burden of proving by a preponderance of the evidence that their detention is unlawful. *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025); *Walker v. Johnston*, 312 U.S. 275, 286 (1941) ("he would have the burden of sustaining his allegations by a preponderance of evidence"); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner."); *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (stating that the burden of proof was upon the petitioner); *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) ("because the habeas proceeding is civil in nature, he must satisfy his burden of proof by a preponderance of the evidence").

## *III. DISCUSSION*

Petitioner states: "The question before this Court is narrow: whether the government may re-detain a person, previously released by the government, without first affording the basic procedural safeguards guaranteed by the Fifth Amendment." (Doc. 1, at 2–3). Petitioner argues that the government may not, and requests that he "be released from custody." (*Id.*, at 3). He cites procedural due process as the basis for his claim. (*Id.*, at 13). Respondents argue that "[p]etitioner's detention is authorized by statute and is constitutional." (Doc. 8, at 1). Petitioner argues in his reply for immediate release or a bond hearing and cites to several previous cases in which the Court ordered a bond hearing. (Doc. 12, at 2, 7 n.6, 8).

The Court's analysis here begins and ends with petitioner's burden. Petitioner claims the events that led to his detention by ICE began when he "dropped his sick son off at the hospital in November 2025 before returning to work. He was driving just above the speed limit, and he was stopped by police because of it. Due to merely having an expired driver's license, [he] was detained and required to defend himself in court for the infraction. He did so, showing up for all of his court hearings, and accepting a punishment of four days in jail for driving without a license." (Doc. 1, at 14).

Petitioner's version of events is blatantly contradicted by the record. First, the record shows that he was stopped by law enforcement on August 23, 2025. *State v. Lopez Bartolon*, AGCR008162 (Dist. Ct. Lyon Cnty. 2025). In addition, the record shows he failed to appear at least twice for pretrial conferences, the Court issued a warrant for petitioner's arrest on January 8, 2026, and petitioner's initial appearance did not take place until March 16, 2026. *Id.* And the record shows petitioner did not appear to serve his sentence. (*Id.*). Lastly, rather than an "infraction," driving while barred is an aggravated misdemeanor in Iowa, and carries a potential sentence of up to two years in prison. *See* Iowa Code 903.1. Petitioner's version of events is also self-contradictory.

In his reply, petitioner changes his arrival in the United States from 2019 to when, he claims, he was "a seventeen-year-old minor on or about March 12, 2020." (Doc. 12, at 2). He also changes his claim from his detention in 2026 beginning with "having an expired license" to "Driving While Barred." (*Id.*, at 3). And he pivots from stating that he was in ORR custody for eleven days to claiming "he entered the United States on March 12, 2020, was encountered by [DHS] the next day, and was released from their custody sometime after with [an NTA] to continue his immigration proceedings." (*Id.*, at 5).

Petitioner bears the burden to demonstrate that his detention is unlawful by a preponderance of the evidence. Petitioner must meet that burden with more than contradictory statements supported by nothing but his word and instead must present some evidence to support his claims. In cases in which the Court has ordered a bond hearing based on a finding of a due process violation, petitioners have supported their assertions that they were previously released from custody with documents in the record. *See, e.g.*, Order, *Cruz Flores v. Whitmore*, No. 26-cv-132 (N.D. Iowa July 9, 2026), Dkt. No. 12, at *2 (citing to (Doc. 1-6)); Order, *Mukhamedyarov v. McDaniel*, No. 26-cv-125 (N.D. Iowa June 30, 2026), at *1 (citing to (Doc. 1-3)); Order, *De la luz Baez v. Mullin*, No. 26-cv-72 (N.D. Iowa June 2, 2026), Dkt. No. 28, at *2 (citing to (Doc. 24-2)); Order, *Martin Martin v. Mullin*, No. 26-cv-92 (N.D. Iowa May 26, 2026), Dkt. No. 14, at *1–2 (citing (Doc. 1-2) for a claim that petitioner arrived as an unaccompanied alien child). In cases in which a petitioner has not demonstrated previous release and thus a due process right, the Court has denied petitions for habeas corpus relief. *See, e.g.*, Order, *Marquez Santes v. Sheehan*, No. 26-CV-4029 (N.D. Iowa Apr. 30, 2026), Dkt. No. 12, at *6 ("[S]he was not ever released on bond as she entered the country without inspection. Thus, petitioner did not acquire a liberty interest in release on bond and the government has not arbitrarily revoked an interest that it created.).

Here, petitioner has not filed any documents to support his claim to previous release by a preponderance of the evidence, and the Court finds his claim, without more, and given petitioner's inconsistent description of events, incredible. Respondents have provided petitioner's NTA, which states that petitioner was not admitted or paroled into the United States. (Doc. 11-2). "A pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). The claims here, as they are not only unsupported but contradicted by the evidence in the record presented by respondents, fall short of petitioner's required burden to support his claim to relief by a preponderance of the evidence. Thus, the Court treats this case like cases in which a petitioner has not demonstrated previous release and therefore has no due process right to a bond hearing. Accordingly, petitioner's petition is **denied**.

## ***IV. CONCLUSION***

For those reasons, petitioner's petition for writ of habeas corpus, (Doc. 1), is **denied**. Judgment shall enter in favor of respondents. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED** this 30th day of July, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa